UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER TYSON ANTHONEY GEORGE,<br><br>Plaintiff,<br><br>-against-<br><br>17 JUDICIAL DISTRICT, DISTRICT ATTORNEY'S OFFICE; STATE OF LOUISIANA DEPARTMENT OF CHILDREN & FAMILY SERVICES,<br><br>Defendants. | 1:20-CV-3125 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Christopher Tyson Anthoney George, of Jamaica, Queens County, New York, who appears *pro se*, asserts claims under the Court's diversity jurisdiction against "17 Judicial District, District Attorney's Office" and the State of Louisiana's Department of Children & Family Services.[1] For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Louisiana.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And any other type of defendant resides "in any judicial

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, Court submissions that refer to a minor's name may only do so by including the minor's name's initials. Because the complaint contains the full name of a minor, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the complaint to a "case-participant only" basis.

district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff alleges that both of the defendants are located in Baton Rouge, Louisiana. He also seems to allege that the relevant events that are the basis of his claims occurred in Louisiana, likely in Baton Rouge, where the defendants are located. Baton Rouge is located in the Middle District of Louisiana. 28 U.S.C. § 98(b). Because Plaintiff does not allege that the defendants reside in this judicial district or that the events or omissions giving rise to his claims occurred in this judicial district, venue is not proper in this Court under § 1391(b)(1) or (2). Rather, the United States District Court for the Middle District of Louisiana is the proper venue for this action. *See* 28 U.S.C. §§ 98(b), 1391(b)(1), (2). The Court therefore transfers this action to the United States District Court for the Middle District of Louisiana. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Louisiana. *See* 28 U.S.C. § 1406(a).

Plaintiff has consented to electronic service of Court documents. (ECF 2.)

Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee courts. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 22, 2020
        New York, New York

                                           COLLEEN McMAHON
                                   Chief United States District Judge