UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER TYSON** **ANTHONEY GEORGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-251-BAJ-SDJ** |
| **17 JUDICIAL DISTRICT, et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 18, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER TYSON ANTHONEY GEORGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-251-BAJ-SDJ** |
| **17 JUDICIAL DISTRICT, et al.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Complaint in this matter initially was filed on April 20, 2020, by *pro se* Plaintiff Christopher Tyson Anthoney George in the Southern District of New York.[1] On April 22, 2020, this case was transferred to this Judicial District for further proceedings.[2] Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 90 days, or until July 20, 2021, to serve Defendants. However, since initiating this litigation, Plaintiff has taken no action in this case. As such, on July 27, 2021, this Court issued a Show Cause Order, noting that service had not yet been made on either Defendant and instructing Plaintiff to file proof of service into the record on or before August 24, 2021.[3] The Show Cause Order also ordered Plaintiff to show cause, in writing, why claims against Defendants "should not be dismissed under Rules 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service."[4] Plaintiff has not responded in any way to the Court's Order.

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

---

[1] R. Doc. 1.
[2] R. Doc. 3.
[3] R. Doc. 5 at 1.
[4] *Id.*

without prejudice against that defendant or order that service be made within a specified time." Local Rule 41(b)(1)(A) provides that a civil action may be dismissed by the court for lack of prosecution "[w]here no service of process has been made within 90 days after filing of the complaint." It has now been over 600 days since the filing of the Complaint, and no service of process has been made on either Defendant.

As a practical matter, this case cannot proceed against Defendants if Plaintiff does not prosecute it. Plaintiff's failure to serve Defendants effectively deprives those Defendants of the opportunity to defend themselves against the allegations made against them.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to Rule 4 of the Federal Rules of Civil Procedure and Local Rule 41(b)(1)(A) for failure to serve and failure to prosecute. To the extent Plaintiff is entitled to any additional notice that his failure to timely serve the Defendant in this action will result in the dismissal of his claims, this Report and Recommendation provides such notice.

Signed in Baton Rouge, Louisiana, on January 18, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**